# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM LAMONT WHITE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:08-CV-243 PPS |
| | ) |
| A. RODRIGUEZ, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

William Lamont White Jr., a *pro se* plaintiff, filed a complaint under 42 U.S.C. § 1983 alleging that, while he was confined at the Lake County Jail, Custody Officer A. Rodriguez ordered him "to be handcuffed and to get down on the floor." (DE 1 at 3). At that point, White alleges in his complaint that Rodriguez hit him in the face and ribs, breaking his nose. (*Id*. at 3-4). The defendant has filed a motion for summary judgment pursuant to Fed R. Civ. P. 56, asserting that White has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). The plaintiff has not responded.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp*., 477 U.S. at 324.
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

> U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit
> under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002).

In support of his summary judgment motion, the defendant submits the affidavit of Assistant Jail Warden Christopher McQuillin and a copy of the Lake County Jail grievance policy. The defendant's submissions establish that the Lake County Jail had a grievance procedure in effect while White was housed there, and that the claims he presents in his complaint were grievable. Assistant Warden McQuillin states in his affidavit that the jail's records show that White never filed "a formal inmate grievance with the Deputy Warden's Office, nor did he file an appeal to the Warden or Sheriff, as provided for in Section XVI(B) of the *Lake County Jail Inmate Handbook*." (DE 21-2, McQullin affidavit at 3).

Because the defendant met his initial obligation under Fed. R. Civ. P. 56, the burden fell upon White to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, that would allow a factfinder to decide in his favor the question of whether he attempted to grieve the claims he raises in his complaint. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Although the defendant provided the plaintiff with an extensive warning – pursuant to *Kincaid v. Vail,* 969 F.2d 594 (7th Cir. 1992), *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992) *cert. denied,*

504 U.S. 957 (1992), and *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982) – of the consequences of not submitting an affidavit stating facts opposing their dispositive motion (DE 23), White has not responded. Because he has not come forth with admissible evidence that he submitted a grieved allegations of excessive use of force by Officer Rodriguez, White has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide the question of exhaustion of administrative remedies in his favor.

For the foregoing reasons, the court **GRANTS** the defendant's motion for summary judgment (docket #21), and **DIRECTS** the clerk to enter judgment in favor of the defendant and against the plaintiff.

**SO ORDERED.**

ENTERED: September 1, 2009

                                                      s/ Philip P. Simon
                                                      Philip P. Simon, Judge
                                                      United States District Court